assault on one of the bell boys, the admission of which the appellant assigns as error.

Discovering no reversible error in the record, the judgment is affirmed. All concur.

---

GEORGE PEPPERDINE, Trustee, etc., Respondent, v. THE NATIONAL EXCHANGE BANK, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

Bankrupt Act: INSOLVENCY: DEBTOR AND CREDITOR: PREFERENCE OF CREDITOR. Where a debtor is insolvent within the meaning of the Bankrupt Act, that is, where his indebtedness is greater than his assets, and the creditor has knowledge of the insolvency, or when he has such information as would put a prudent man on inquiry, and receives a payment, it follows as a necessary inference that he had reasonable cause to believe that it was intended as a preference, and he can avoid this inference only by showing that an amount proportionate to the payment was made or provided for to other creditors.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Sebree & Farrington* for appellant.

(1) Where a creditor has knowledge that his debtor is insolvent within the meaning of the bankrupt act, or has such knowledge as would put a prudent man on inquiry, and receives a payment, it follows as a necessary inference that he has reasonable cause to believe it was a preference, but he can avoid

this inference by showing that a proportionate amount was paid or secured to other creditors.  Pepperdine, trustee, v. Bank, 84 Mo. App. 234.  Whether or not a creditor receives a payment and believes or has reasonable cause to believe that he is receiving a preference, is one of fact, and if evidence is produced showing knowledge of insolvency on the part of the creditor, he has a right to avoid the inference raised by such knowledge of insolvency by other evidence, and mere knowledge of insolvency is not conclusive, but the creditor has a right to offer other evidence that will avoid the inference raised by the knowledge of insolvency and the fact as to whether or not he had knowledge or reasonable cause to believe that he was getting a preference, is to be determined from all the evidence that goes to make up the transaction.  (2)   Where a creditor has knowledge of the fact that the bankrupt is insolvent and had no reasonable cause to believe that it was intended by transfer of the claim to give him a preference, the transaction is not prohibited by the bankrupt act.   In re Eggart, 98 Fed. Rep. 843.   (3) "A creditor is not compelled to surrender a payment made to him on account, in the ordinary course of business unless he had reason to believe that his debtor was insolvent and that the payment was a preference.   If the creditor is innocent in the transaction, he has his option to retain the payment and waive his claim on the balance of the account, or he may surrender the payment for the whole account."   Fogey, Trustee, v. Marshal, Field & Co., 102 Fed. Rep. 295.

*White & McCammon* for respondent.

(1)   The instruction given by the court under the evidence, properly embodied the principles laid down by the courts generally in construing the bankrupt act.   This branch of the case was argued at length on the former appeal, indeed was

the only question considered and determined by this court. (2) Summarized as briefly as possible, the points under this head are as follows: (a) Section 1, phrase 15, defines an insolvent as follows: "A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, etc., shall not, at a fair valuation, be sufficient in amount to pay his debts." Cohn by this definition was insolvent. (b) Section 60, of said act, provides: "A person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class. If a bankrupt shall have given a preference within four months before the filing of a petition, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

BOND, J.—This is the second appeal in this case, the former being reported in 3 Mo. App. Rep. 425.

The action is by the trustee of a bankrupt to recover payments made by the latter to a creditor within four months prior to the petition in bankruptcy, on the theory that the defendant creditor at the time of receiving such payments had reasonable cause to believe they were intended to give a preference. On the first appeal, where the facts are fully stated, a judgment for defendant was reversed and the cause remanded, with an announcement of the principles of law which should govern the trial court on a second trial. On the retrial, as on the first trial, there was evidence for the defendant that two of the pay-

ments made to it by the bankrupt, after it had knowledge of his insolvency, and within four months next before the petition to have him declared a bankrupt, were accompanied by a statement of the debts he was going to pay, his indebtedness to other creditors and a showing of receipts for payments to certain other creditors to about seven or eight hundred dollars. But there was not a particle of evidence that these receipts evidenced a payment upon his general indebtedness which was proportionate to what was then paid to the defendant on its claim. This was the crucial question, and as there was no evidence of such equality in the payment of *all* of his creditors at the time the insolvent debtor paid the last two payments on his indebtedness to defendant, the learned trial judge correctly held that the entire evidence did not afford any logical and legal inferences tending to validate these two payments in view of the provisions of the bankrupt act avoiding preferences. Subsection b, section 60, of the bankrupt act, which is, to-wit: "If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before adjudication, and the person receiving it or to be benefited thereby or his agent acting therein shall have reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." In speaking of the general intendment of this section, it was said on the former appeal, "where a debtor is insolvent within the meanings of the bankrupt act, that is, where his indebtedness is greater than his assets, and the creditor has knowledge of the insolvency, or where he has such information as would put a prudent man on inquiry, and receives a payment, it follows as a necessary inference that he had reasonable cause to believe that it was intended as a preference, and he can avoid this inference only by showing that an amount proportionate to the

payment was made or provided for to other creditors." We adhere to the above view, and, therefore, affirm the judgment. All concur. Judge *Goode* because he deems the questions involved *res adjudicata* under the former opinion.